UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DALE L. SHIPLEY, et al.,<br><br>Defendants. | Case No. 13-cv-05721-WHO<br><br>**ORDER GRANTING UNITED STATES' MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION AND ORDER FOR APPOINTMENT OF RECEIVER**<br><br>Re: Dkt. No. 56 |

On December 11, 2013, the government filed this action to reduce uncontested federal income tax assessments against defendants Dale L. Shipley and Anne Shipley (Shipleys) to judgment and foreclose the federal tax liens against the Shipley's real and personal property.

The case was initially assigned to Magistrate Judge Lloyd, who issued an Order to Show Cause why a preliminary injunction should not be entered and a receiver appointed on January 10, 2014. Docket No. 24. Judge Lloyd held the OSC hearing on the request for preliminary injunction and request for appointment on February 4, 2014. Judge Lloyd decided that a preliminary injunction should issue and a receiver should be appointed, and directed the government to prepare a Proposed Order. Docket No. 41. The United States filed the Proposed Order on February 10, 2014. On February 14, 2014, the Shipley's filed an objection to the Proposed Order arguing *only* that the Proposed Order be amended to set aside a reasonable amount of funds so that the Shipleys could pay their attorney fees. Docket No. 47. On February 18, 2014, the United States replied to the objection, arguing that no ground existed under law to warrant setting aside funds to pay the Shipley's attorneys' fees and expenses. Docket No. 48.

Before Judge Lloyd ruled on the Proposed Order, another party declined to consent to Judge Lloyd hearing the matter and the case was reassigned to me.

The United States has, again, moved for a preliminary injunction and appointment of receiver. Docket No. 56. The Shipleys have, again, filed an objection to the government's motion. The Shipleys argue that an appointment of a receiver is inefficient and unnecessary in this case. They also re-raise their request that a "reasonable amount of funds be made available" so they can pay their attorneys' fees and expenses. Docket No. 62.

Having considered the record in the case and the pleadings filed I GRANT the government's request for entry of the preliminary injunction and appointment of a receiver. I find that the government has satisfied the legal standard for appointment of a receiver. The Shipleys do not dispute, and in fact admit, that a substantial tax liability exists. In addition, while I acknowledge the Shipley's position that, to date, they have voluntarily worked with the government to satisfy some of their liabilities, I find that tax collection efforts may be jeopardized if a receiver is not appointed. I also find that the proposed Receiver is experienced and well-qualified. Apart from the Shipleys, all parties who have appeared in the case as of this date have stipulated to the entry of the government's revised Proposed Order. Docket No. 57 (stipulating to entry of Docket No. 56-1).

As to the request to set aside monies to pay their attorneys' fees and expenses, I find that the Shipleys are not entitled to a set aside. The government points out that under Internal Revenue Code section 6323, there is only one instance where a taxpayer's attorney's fees may obtain superiority over a federal tax lien; where an attorney has obtained a lien under local law for compensation for obtaining a judgment or settlement of a cause of action for the taxpayer. 26 U.S.C. § 6323(b)(8). The Shipleys do not address this exception or argue that it applies to them. Nor do the Shipleys cite to any applicable authority (in the objections filed with Judge Lloyd or the objections filed with this Court, *see* Docket Nos. 47, 62) to support their request.[1] Instead,

---

[1] The cases relied on by the Shipleys are inapposite, as none of them address tax assessment proceedings under the Internal Revenue Code. *See CFTC v. Noble Metals Int'l*, 67 F.3d 766 (9th Cir. 1995) (court initially froze defendants' asserts as part of TRO and preliminary injunction proceedings; Ninth Circuit found that the district court did not abuse its discretion in denying a request to unfreeze assets to allow defendant to pay attorneys); *FTC v. World Wide Factors, Ltd.*, 882 F.2d 344 (9th Cir. 1989) (court recognized authority of district court to freeze assets. but remanded to allow district court to create a record to support to limit on the hourly rates attorneys could be paid from unfrozen funds); *SEC v. Gonzalez de Castilla*, 170 F. Supp. 2d 427, 428

1  they argue that the government waived its right to object to their request when the government
2  failed to address the Shipley's request in the briefing before Judge Lloyd held the OSC hearing.
3  Docket No. 62 at 3-4.[2] I conclude that the government has not waived its right to contest the
4  Shipley's request for an attorneys' fees and expenses set aside, and in the absence of any authority
5  showing that 26 U.S.C. § 6323(b)(8) has been met or other applicable authority showing that a set
6  aside would be appropriate in this type of action, I DENY the Shipley's request.

7  The Proposed Order submitted by the government (Docket No. 56-1) will be separately
8  entered.

10  **IT IS SO ORDERED**.
11  Dated: April 18, 2014


WILLIAM H. ORRICK
United States District Judge

---

(S.D.N.Y. 2001) (district court issued TRO freezing assets of defendants and subsequently allowed release of funds to pay for litigation defense); *Caminetti v. State Mut. Life Ins. Co*., 52 Cal. App. 2d 326 (Cal. App. 1942) (recognizing "general rule" under California law that an insurance company could ask to be paid for their attorneys' fees and expenses in resisting the application for a receiver and decision rested the sound discretion of the superior court).
[2] The "waiver" cases cited by the Shipleys are factually inapposite. *See Hosier v. Citigroup Global Mkts*., Inc., 835 F. Supp. 2d 1098, 1108 (D. Colo. 2011) (respondent's failure to object to petitioner's request for fees during FINRA arbitration, waived ability to contest fees in court); *Abela v. Gustafson*, 888 F.2d 1258, 1266 (9th Cir. 1989) (government cannot protect itself from statutory fee award when it failed to raise appropriate defense in lower court); *Arizona v. Components Inc*., 66 F.3d 213, 217 (9th Cir. 1995) (declining to address CERCLA issue raised for first time on appeal).

United States District Court
Northern District of California