1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9

UNITED STATES OF AMERICA,

    Plaintiff,

10

    v.

11

12  DALE L. SHIPLEY and HELEN ANNE
SHIPLEY, husband and wife; DALE L.
13  SHIPLEY and HELEN ANNE SHIPLEY,
Co-Trustees of the Shipley Living Trust;
14  STATE OF CALIFORNIA, FRANCHISE
TAX BOARD; SANTA CLARA COUNTY
15  TAX COLLECTOR; SOTHEBY'S
INTERNATIONAL REALTY; GALERIE
16  MICHAEL INC.; JAN'S AUCTIONEERS,
INC.; and DSGI TECHNOLOGIES, INC.,

17

    Defendants.

Civil No. 13-cv-05721-WHO

PRELIMINARY INJUNCTION
AGAINST SHIPLEYS AND ORDER
APPOINTING ROBERT P. MOSIER AS
RECEIVER

18
19

    On February 4, 2014, this matter came on for hearing before the Court on its Order to

20

Show Cause Why a Preliminary Injunction Should Not Be Issued and a Receiver Should Not Be

21

Appointed in this federal tax collection case under 26 U.S.C. § 7403. The United States appeared

22
23

through W. Carl Hankla, and defendants Dale L. Shipley and Helen Anne Shipley appeared

through Nicholas D. Cirigliano. Prior to the hearing, the Order to Show Cause was timely

served, and the United States and the Shipleys consented to the appointment of U.S. Magistrate

Judge Howard R. Lloyd to conduct all proceedings and to enter judgment in this case pursuant to

28 U.S.C. § 636(c)(1). The Shipleys filed an opposition to the Order to Show Cause and the

United States filed a reply to the Shipleys' opposition. Arguments were heard.

For the reasons stated during the hearing, the Court, Magistrate Judge Lloyd, determined

that a preliminary injunction should issue against the Shipleys and that a receiver should be

appointed. Specifically, the Court determined that the Shipleys were largely unopposed to the

injunctive relief as against themselves personally and that the Shipleys' tax liabilities, which

exceeded $18.3 million and continue to accrue statutory interest, were substantially undisputed,

and that collection was in jeopardy. Further, the Treasury Department had certified pursuant to

26 U.S.C. § 7403(d) that the appointment of a receiver was in the public interest.

Thereafter, this case was reassigned to Judge William H. Orrick because defendant Santa

Clara County decided not to consent to a magistrate judge under 28 U.S.C. § 636(c).

After unsuccessfully attempting to obtain the Shipleys' consent to the form of this order,

the United States then moved for entry of this order. The matter was set for hearing on April 23,

2014. After consideration of the motion and relevant portions of the record, the Court finds and

concludes that there is good cause for entry of this order.

Accordingly, IT IS HEREBY ORDERED, that:

PRELIMINARY INJUNCTION AND ORDER FOR RECEIVER

1.     Defendants DALE L. SHIPLEY AND HELEN ANNE SHIPLEY, husband and wife, individually and as Co-Trustees and beneficiaries of the Shipley Living Trust (the "SHIPLEYS"), and all persons in active concert with them, are PRELIMINARILY ENJOINED from moving, selling, or dissipating any of their assets, real or personal (all of which are subject to federal tax liens), while this action is pending, except as provided herein. Further, the SHIPLEYS are PRELIMINARILY ENJOINED from interfering with, hindering, or delaying the receivership established hereby, which they shall affirmatively cooperate with and facilitate as provided below.

2.     ROBERT P. MOSIER ("MOSIER"), 3151 Airway Avenue, Suite A-1, Costa Mesa, California 92626 is APPOINTED AS RECEIVER with full powers of an equity receiver, including but not limited to, full power over all real and personal property, books, records, papers, and other property legally or beneficially owned by the SHIPLEYS, including but not limited to the real and personal property more particularly described herein and in the United States' complaint.

3.     MOSIER's reasonable and necessary fees in connection with this receivership shall be billed on an hourly basis at the current rates charged by MOSIER ($395) and his assistants (ranging from $25 to $145 per hour for bookkeepers, paralegals, and financial analysts, and $295 per hour for a Certified Public Accountant), *nunc pro tunc* to February 4, 2014 (the date of Magistrate Judge Lloyd's Minute Order), and at the current rates charged by his counsel, the San Francisco law firm Buchalter Nemer (with a targeted effective blended rate for the firm's attorneys of $395 per hour), plus reasonable and necessary costs, shall be paid from the real and personal property described herein and proceeds thereof, and such fees and costs shall be paid before and have priority over the claims and liens of the parties to this action, provided, however, before any such fees and costs may be paid, MOSIER shall comply with the procedures set forth herein.

4.     Upon the signing and entry of this Order, MOSIER is authorized, empowered, and directed to have access to, take possession of, and assert control over all real and personal property legally or beneficially owned by the SHIPLEYS, including but not limited to:

   a.   the real property known as and located at 915 West Martin Avenue, San Martin, California 95046 (the "Mansion") and the contents thereof, whether in the Mansion itself or on the grounds (the SHIPLEYS are required to turn over all keys, card keys, key fobs, remote controls, access codes, passwords, alarm codes, and any other items or information that MOSIER may need for such access, possession, and control);

PRELIMINARY INJUNCTION AND ORDER FOR RECEIVER

b.   the SHIPLEYS' safe(s) in the Mansion (the SHIPLEYS are required to turn over the combination, key(s), and any other items or information that MOSIER may need for such access, possession, and control);

c.   the real property known as and located at 8890 Wine Valley Circle, San Jose, California 95135 (the "San Jose Home") and the contents thereof, whether in the San Jose Home or on the grounds;

d.   any and all public storage units leased by or for the benefit of the SHIPLEYS, wherever located (the SHIPLEYS are required to disclose the location of all such units, and to turn over all keys, card keys, key fobs, access codes, passwords, and any other items or information that MOSIER may need for such access, possession, and control);

e.   the real property the SHIPLEYS own in the Fundadores development near Cabo San Lucas, Mexico (the "Mexico Home") and the contents thereof, whether in the Mexico Home or on the grounds (the SHIPLEYS are required to turn over all keys, card keys, key fobs, remote controls, access codes, passwords, alarm codes, safe combinations, and any other items or information, and to sign and deliver a power of attorney or similar document valid under the laws of Mexico, that MOSIER may need for such access, possession, and control);

f.   the safe deposit box leased by or for the benefit of the SHIPLEYS at the Bank of the West in Morgan Hill, California, which may be drilled out if necessary (the SHIPLEYS are required to turn over the key(s) and any other items or information that MOSIER may need for such access, possession, and control);

g.   all financial accounts (including but not limited to all checking, savings, investment, retirement, or other accounts at banks, credit unions, brokerages, escrow companies, or other institutions, wherever located) owned or controlled by the SHIPLEYS, including all accounts as to which either or both of the Shipleys have signature authority (the SHIPLEYS are required to turn over all information, including but not limited to the location of each such account (name of institution, branch location, etc.), account number or other identifier, security codes, passwords, and any other items or information that MOSIER may need for such access, possession, and control), provided, however, that the SHIPLEYS may remain in possession and control over personal savings or checking accounts used for holding social security proceeds or other current income sufficient for basic needs;

PRELIMINARY INJUNCTION AND ORDER FOR RECEIVER

h.   all items of property the SHIPLEYS consigned to Galerie Michael in Beverly Hills;

i.   all items of property the SHIPLEYS consigned to Jan's Auctioneers in Los Angeles;

j.   all items of property (e.g., original paintings, sculptures, decorative art works, jewelry, and other valuables) the SHIPLEYS may have consigned to third parties not identified above or which the SHIPLEYS may have in their possession, custody, or control;

k.   the SHIPLEYS' stock in DSGI Technologies, Inc. and any other company, including but not limited to voting rights, dividends, options, warrants, redemption rights, stock splits, and any other incidents of ownership; and

l.   all automobiles owned by the SHIPLEYS or the Shipley Family Trust, except those necessary for personal transportation (the SHIPLEYS are required to turn over all keys, key fobs, titles, certificates, and anything else needed for complete access and control).

5.   MOSIER shall take such action as may be necessary or appropriate to preserve and protect the SHIPLEYS' real and personal property, including but not limited to arranging for security and insurance, and may compensate or reimburse third parties who have preserved, stored, repaired, or restored such property.

6.   MOSIER shall prepare a verified inventory of property and a petition for instructions (that is, a plan of action) with a timetable for identifying, appraising, accounting for, marshaling, and selling the SHIPLEYS' real and personal property in a manner that seeks to maximize recovery and complete the liquidation process in a reasonably short time, preferably no more than six months for the property described herein and in the complaint. MOSIER shall file the inventory and plan of action and seek approval within 30 days.

///

///

///

PRELIMINARY INJUNCTION AND ORDER FOR RECEIVER

7.    Beginning 30 days after filing the inventory and plan of action described in paragraph 6, MOSIER shall prepare and file monthly status reports that summarize the estate's activity in the month previous to each such report as well as a financial summary. The monthly status reports shall present in detail the fees and costs for MOSIER, his staff, and counsel and other professionals. If MOSIER does not receive written objection to the fees and costs within 15 calendar days of the date of the filing, MOSIER is authorized to pay said fees and costs, subject to the availability of cash in the estate. If an objection is made by any party, MOSIER shall first attempt to resolve the issue to the satisfaction of the objecting party. If the objection is not resolved, MOSIER may set the matter for hearing on a noticed motion/petition for instructions. All fees and costs paid to MOSIER, his staff, and counsel/professionals via this 15-day, no-objection rule remain subject to final approval by the Court at the time of the final account and report.

8.    Upon Court approval of the plan of action described in paragraph 6, MOSIER shall promptly proceed to execute it, distributing the proceeds, net of costs of sale and administration (such as MOSIER'S allowed fees and costs) to lien creditors, and hold any excess funds pending further order of the Court.

9.    Subject to the foregoing, MOSIER must give all interested parties notice of the time and place of hearings on the following:

a.   Petitions for instructions;

b.   Petitions for the payment of dividends to creditors;

c.   Petitions for confirmation of sales of property;

d.   Reports of the receiver (only if objected to, and then only if not resolved pursuant to paragraph 6 above);

e.   Motions for fees of the receiver or of any attorney, accountant, or investigator, the notice to state the services performed and the fee requested (only if objected to, and then only if not resolved pursuant to paragraph 6 above); and

f.   Motions for the discharge of the receiver.

10.   MOSIER may open such financial accounts, under the SHIPLEYS' tax identification number(s), as may be necessary to conduct the business of this receivership.

PRELIMINARY INJUNCTION AND ORDER FOR RECEIVER

11.   MOSIER shall not be required to post a bond and shall not be liable for any loss or damage incurred or claimed by the parties to this action by reason of any act performed or omitted in connection with the discharge of his duties and responsibilities as a receiver herein, except for acts of gross negligence.

12.   In the event of a conflict between the Civil Local Rules and this Order, this Order shall prevail.

13.   In the event of a bankruptcy filing in this district by the SHIPLEYS or either of them, MOSIER is excused from the requirement to turn over assets under 11 U.S.C. § 543 pending further order this Court, and this Court may on its own motion withdraw reference to the bankruptcy court under 28 U.S.C. § 157(d) so that in the interest of judicial economy this Court may hear and determine all matters in the bankruptcy proceeding.

DATED this 18th day of ___April____, 2014.



_____
WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE


Presented by:

_/s/ W. Carl Hankla_
W. CARL HANKLA
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Washington, DC 20044
Telephone: (202) 307-6448
Fax: (202) 307-0054
w.carl.hankla@usdoj.gov
_Attorney for the United States of America_

PRELIMINARY INJUNCTION AND ORDER FOR RECEIVER